E-FILED
Tuesday, 28 October, 2014  04:17:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PETER WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 14-3131 |
| | ) | |
| STATE OF ILLINOIS, WARREN RIBLEY, BRIDGET DEVLIN, and MALCOLM E. WEEMS, in their official capacities, | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff Peter Wagner has filed a Pro Se Complaint wherein he asserts employment discrimination claims pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq. Pending is Defendant Malcolm E. Weems's Motion to Dismiss the Complaint.

I.

In support of the motion, Defendant Weems states that Plaintiff alleges incorrectly that the Appellate Court of Illinois "found that Plaintiff was discharged due to his use of FMLA leave." The Appellate Court's

opinion is attached to his complaint. Weems alleges the complaint should be dismissed on two grounds. First, the Plaintiff was employed by the Illinois Department of Commerce and Economic Opportunity (DCEO). Weems was not the Plaintiff's employer. He was the Director of the Department of Central Management Services (CMS). Additionally, the Defendant alleges the Plaintiff has failed to state a cause of action under FMLA.

At this stage, the Court accepts as true all of the facts alleged in the Complaint and draws all reasonable inferences therefrom. See Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. See id. The complaint must do more than assert a right to relief that is "speculative." See id. However, the claim need not be probable: "a well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." See Independent Trust Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id.

II.

The Plaintiff alleges that, on June 30, 2011, he was terminated prior to the expiration of his approved FMLA leave. The Plaintiff claims he believes that State agency employment practices were done in conjunction with CMS. Moreover, CMS effectuated his transfer to DCEO. The Defendant further alleges that Weems signed his employment papers. Therefore, the Plaintiff asserts that Weems, in his official capacity, qualifies as the Plaintiff's employer.

At this stage, the Court finds that Plaintiff has plausibly alleged Weems qualified as the Plaintiff's employer. Accordingly, the Court

declines to dismiss Weems as a Defendant on the basis that he does not qualify as the Plaintiff's employer.

Weems further contends that Plaintiff did not have the requisite 12 months of employment and 1,250 hours during the previous 12-month period, as is required by 29 U.S.C. § 2611(2)(A). He notes that the appellate court's opinion provides as follows:

1. Plaintiff began working for DCEO in June 2010 as a program manager. 2013 IL App. (4th) 120827-U at ¶5.

2. At the time, he began a six-month probationary period. Id.

3. Beginning on September 27, 2010 and continuing through January 18, 2011, Plaintiff was absent from his job, and used a combination of benefit time and time under FMLA. Id.

4. On January 19, 2011, Plaintiff requested and received an indefinite non-service-connected medical leave. Id.

5. On June 10, 2011, DCEO notified Plaintiff that he was being considered for discharge for failing to satisfactorily complete his duties during the probationary period. Id. at ¶6.

6. On June 30, 2011, he was discharged. Id.

In support of the motion, Weems claims the following conclusions can be drawn. The Plaintiff worked for DCEO for no more than four months (16 weeks) before taking leave. Based on a 37.5 hour work week, that would amount to 600 hours and a 40-hour week would result in 640 hours. Weems contends the Plaintiff did not work at least 1,250 hours in a 12-month period, both of which he must do in order to bring an FMLA claim. Weems asserts the Plaintiff was absent for nine months. Only 12 weeks is granted under the FMLA. Accordingly, Weems contends the Complaint must be dismissed.

The Plaintiff alleges that his state employment began on June 1, 1994, and he served continuously until he was discharged. It is this date that must be considered in determining whether he was eligible for FMLA leave. Because the Plaintiff was employed by the State of Illinois from 1994 to 2010, the Court concludes he had been employed for more than 12 months and thus meets that requirement pursuant to 29 U.S.C. § 2611(2)(A)(i).

The Court must also consider whether the Plaintiff meets the 1,250

hours of service with his employer during the previous 12-month period, as is required under 29 U.S.C. § 2611(2)(A)(ii). In his response, the Plaintiff does not address the portion of the Defendant's argument relating to his hours of service. However, the Plaintiff must meet both requirements in order to be eligible under the FMLA. See 29 U.S.C. § 2611(2)(A).

Given that Plaintiff has alleged he was on FMLA or other leave between September 27, 2010 and June 30, 2011, the Court concludes that Plaintiff did not work 1,250 hours during the previous 12-month period. Accordingly, he cannot allege a plausible FMLA claim.

In his complaint, the Plaintiff asserts only FMLA claims. Because the Plaintiff did not meet one of the conditions which is required to bring an FMLA claim, the Court concludes that the Complaint must be dismissed as to all Defendants for failure to state a claim on which relief may be granted. Therefore, this case is Dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

Ergo, the Motion of Defendant Malcolm Weems to Dismiss [d/e 5] is ALLOWED.

This case is Dismissed.  Judgment shall be entered in favor of the Defendants.

ENTER: October 28, 2014

       FOR THE COURT:

                                        s/ Richard Mills
                                        Richard Mills
                                        United States District Judge